UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STAPLES, INC.,

                Plaintiff,                      04 CV 904 (SJ) (KAM)

   - against-                              **MEMORANDUM**
                                                            **AND ORDER**

W.J.R. ASSOCIATES, CARMINE
EVANGELISTA, ROBERT H. KANE,
PATRICIA A. REINHARDT as Executrix
of the Estate of William J. Reinhardt,
JAMES SLUYK and TIMOTHY D. KING,

                Defendants.
-----------------------------------------------------------X
W.J.R. ASSOCIATES and PATRICIA A.
REINHARDT as Executrix of the Estate of
William J. Reinhardt,

                Third-Party Plaintiffs,

   - against-


REALTY EQUITY HOLDINGS 3820, LLC,
NORSTRAND REALTY HOLDINGS,
LLC, TIM ZISS, individually and in his
capacity as Managing Member of Realty
Equity Holdings 3820, LLC, MASSEY
KNAKAL REALTY SERVICES, INC., and
STATE STREET BANK & TRUST
COMPANY,

                Third-Party Defendants.
-----------------------------------------------------------X

A P P E A R A N C E S:

TRACHTENBERG RODES & FRIEDBERG LLP
545 Fifth Avenue
New York, NY 10017
By:   Leonard A. Rodes, Esq.
Attorneys for Plaintiff

CERTILMAN, BALIN, ADLER & HYMAN, LLP
90 Merrick Avenue
East Meadow, NY 11554
By:   Robert Connolly, Esq.
Attorney for Defendant

JOHNSON, Senior District Judge:

Plaintiff Staples, Inc. ("Staples"), a Delaware corporation that maintains its principal place of business in Massachusetts, brought this action against W.J.R. Associates ("WJR"), a New York-based partnership, and other New York residents, alleging breach of commercial lease, breach of warranties, and unjust enrichment. Staples has moved for leave to file an amended complaint and WJR has cross-moved to dismiss the complaint for lack of standing. For the reasons stated herein, WJR's motion to dismiss is DENIED and Staples' motion to amend is GRANTED.

## BACKGROUND

On March 12, 2003, Staples entered into a lease with WJR for property at 1740 Utica Avenue, Brooklyn, New York ("the property"). Staples alleges that

during the lease negotiations, WJR represented that the property was unencumbered by any mortgages and liens except those in favor of mortgagees who had been given or would give non-disturbance agreements.

In 2002, State Street Bank & Trust Company ("State Street") obtained a foreclosure judgment on the property, but declined to commence a foreclosure sale. Instead, WJR had an agreement with State Street by which the State Street would forbear on its right to conduct a foreclosure sale while WJR sought the necessary financing to purchase the loan documents. WJR, for reasons that are irrelevant here, was unable to secure the necessary financing, and State Street commenced a foreclosure sale.

Staples alleges that it spent over $1 million on the property in order to prepare the premises for occupancy, and that the property was consequently sold for a larger amount than it would have had Staples not committed such a large amount of money. Staples further alleges that, as a result of the foreclosure sale, it was forced to renegotiate the lease for the property at terms less favorable than those contained in the original lease. Staples now seeks leave to amend its original complaint and WJR cross-moves to dismiss for a lack of standing.

## WJR'S MOTION TO DISMISS

a. **Standard**

The standard in adjudicating a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") is identical.[1]  See Jaghory v. New York State Dept. of Educ., 131 F.3d 326 (2d Cir.1997).  Under these rules, the courts must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff.  See Albright v. Oliver, 510 U.S. 266, 268 (1994); McEvoy v. Spencer, 124 F.3d 92, 95 (2d Cir.1997); Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir.1995).  The court may not dismiss a complaint unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief."  Hoover v. Ronwin, 466 U.S. 558, 587 (1984) (Stevens, J., dissenting); see also Still v. DeBuono, 101 F.3d 888, 891 (2d Cir.1996).

Generally, in considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.  See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991).  However, if the court looks to additional materials, summary judgment standards apply.  See id.

---

[1] Notably, WJR does not move for dismissal under Federal Rule of Civil Procedure 12(c), and therefore the Court cannot consider documents that are not incorporated by reference in the complaint.

### b. Discussion

WJR contends that Staples does not have standing to bring this action. To support this argument, WJR suggests that Staples assigned its entire interest in the property to Staples The Office Superstore East ("Superstore"), a wholly-owned subsidiary of Staples.

Under New York law, "a general, unqualified assignment of one's rights, title and interest in a lease [...] divests the assignor of all rights." Ull v. Lerner, 308 A.D.2d 396 (1st Dept. 2003) (citing Singer v. Boychuk, 194 A.D.2d 1049, 1051 (3rd Dept. 1993)). Moreover, when a New York tenant assigns all of its rights, title and interest under a lease, it cannot assert standing in an action predicated upon a breach of that lease. See Lincoln Place LLC v. RVP Consulting, Inc., 16 A.D.3d 123 (1st Dept. 2005). The underlying logic of this black letter law is simple: once a lessee has relinquished his interest and obligations in the leased premises, there is no practical way he can be harmed by a subsequent breach.

Viewed in this way, New York's law is no different from the federal law of standing, which requires that a plaintiff demonstrate that he has suffered harm to his own interests. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (finding that Article III standing requires that the plaintiff "have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical").

Therefore, if Staples assigned its enforceable interest in the lease, it would lack standing to bring the instant action.

However, as noted above, the Court must take all factual allegations in the complaint to be true and there is no mention of an assignment anywhere in the complaint.[2] Furthermore, Staples alleges in its complaint that it suffered an economic loss by having to renegotiate the lease. Whether Staples' allegations will be borne out by the evidence is not for the Court to determine at such an early stage of litigation. "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998) (quoting Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996)); see also Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir.1995).

---

[2] WJR filed its motion with two exhibits. The first was WJR's attorney's declaration, in which he averred that there was in existence an assignment of which he had no personal knowledge. The second was Staples' proposed amended complaint. Neither of these exhibits provided competent evidence to show that there was an assignment, what kind of assignment it was, or what Staples' remaining interest was.

WJR then filed its reply, which included two more exhibits, one of which was a copy of Staples' assignment to Superstore. Because this exhibit was not properly filed in the initial motion, this Court does not consider it in deciding this motion. To consider this exhibit would not only be unfair to Staples because it based its response on a motion that did not include the exhibit, it would also encourage future litigants to withhold evidence until the moment at which time it would be most advantageous to produce. The Court does not condone such practice.

Further, one of Staples' claims is that WJR was unjustly enriched by the money Staples committed to the property in preparation for occupancy. In order to state a claim for unjust enrichment, a plaintiff must show that "the defendant was enriched, that such enrichment was at plaintiff's expense, and that the circumstances were such that in equity and good conscience the defendant should return the money or property to plaintiff." Steinmetz v. Toyota Motor Credit Corp., 963 F. Supp. 1294, 1307 (E.D.N.Y.1997) (citations and internal quotations omitted). In its complaint, Staples alleges that WJR received more money in the foreclosure sale than it would have had it not been for Staples expenditures, and it would be unfair to allow WJR to benefit at Staples' expense. Therefore, even if Staples assigned its entire interest in the property to Superstore, which the evidence considered here does not show that it did, the assignment still would not affect Staples' proper claim of unjust enrichment. Accordingly, Staples' complaint demonstrates an "injury-in-fact," Staples has standing in this action, and WJR's motion to dismiss is denied.

## STAPLES' MOTION TO AMEND

Staples has moved for leave to file an amended complaint. The primary reason Staples wishes to amend its complaint is so that it may add Superstore as a co-plaintiff. Federal Rule of Civil Procedure 15 requires that the court grant leave to amend "when justice so requires" and the burden is on the party opposing the

amendment to demonstrate why the amendment should not be permitted. See Forman v. Davis, 371 U.S. 178 (1962). Here, Staples has come forward with the legitimate purpose of amending the complaint to name Superstore as a co-plaintiff. Under Federal Rule of Civil Procedure 17, no action is to be,

> dismissed on the ground that it is not being prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by the real party in interest, or joinder or substitution of the real party in interest; and such ratification, joinder, or substitution will have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a). Therefore, a suit will not be dismissed because it is brought by one who is not the real party in interest if the real party in interest ratifies the suit and agrees to be bound by the judgment. Consistent with this rule, Staples' motion for leave to file an amended complaint is granted.

## CONCLUSION

For the above-mentioned reasons, WJR's motion to dismiss is DENIED. Staples' motion for leave to amend the complaint is GRANTED. Staples is hereby ORDERED to amend its complaint within thirty days of this Order.

SO ORDERED.

Dated: March 30, 2007 _____
      Brooklyn, New York                                           Senior U.S.D.J.