UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STAPLES, INC.,

                         Plaintiff,

            -against-

W.J.R. ASSOCIATES, CARMINE
EVANGELISTA, ROBERT H. KANE,
PATRICIA A. REINHARDT as Executrix
of the Estate of William J. Reinhardt,
JAMES SLUYK and TIMOTHY D. KING

                         Defendants
------------------------------------------------------------- X

W.J.R. ASSOCIATES and PATRICIA A.
REINHARDT as Executrix of the Estate of
William J. Reinhardt,

                  Third-Party Plaintiffs,

            -against-

REALTY EQUITY HOLDINGS 3820, LLC,
NOSTRAND REALTY HOLDINGS,
LLC, TIM ZISS, individually and in his
capacity as Managing Member of Realty
Equity Holdings 3820, LLC, MASSEY
KNAKAL REALTY SERVICES, INC., and
STATE STREET BANK & TRUST
COMPANY,

                  Third-Party Defendants.

-------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
04-CV-904 (SJ) (KAM)

**KIYO A. MATSUMOTO, UNITED STATES MAGISTRATE JUDGE:**

By Memorandum and Order dated March 30, 2007, Judge Johnson granted the motions of State Street Bank & Trust Company ("State Street") against defendants and third-party plaintiffs W.J.R. Associates and Patricia Reinhardt and their counsel, Robert Connolly, Esq. (collectively, "WJR") for summary judgment and sanctions and awarded State Street costs and attorneys' fees incurred in bringing the two motions (doc. nos. 133 and 145, State Street's Motion for Summary Judgment and Motion for Sanctions, respectively (collectively, "the Motions")). (See doc. no. 208, Memorandum and Order, dated Mar. 30, 2007 ("3/30/07 M&O").) Judge Johnson held in relevant part that because it was "patently clear that WJR had absolutely no chance of success on its third-party claims against State Street" once discovery had been completed, and yet WJR still pursued its claims, State Street was entitled to sanctions under Rule 11 of the Federal Rules of Civil Procedure. (See id., at 14-15.) By letter to the undersigned dated April 18, 2007, State Street proposed a briefing schedule for the computation of sanctions, pursuant to Judge Johnson's order, (see doc. no. 216, Letter filed by State Street, dated April 18, 2007), which this court accepted with amendments (see order dated April 24, 2007).[1]

In its computation of attorneys' fees and costs in bringing the Motions, State Street seeks $41,081.26 in attorneys' fees and $2,122.87 in costs, for a total of $43,204.13. (See doc. no. 227, Affidavit of John C. Re, Esq., in Support of Computation of Sanctions Award, dated May 9, 2007 ("Re Aff"), ¶ 2.) WJR submitted its objections to State Street's computations on May 16, 2007. (See doc. no. 225, Declaration of Robert Connolly, Esq., in Opposition to

---

[1] Although Judge Johnson decided State Street's motions for summary judgment and sanctions, he had referred State Street's sanctions motion to the undersigned by order dated September 22, 2006 (doc. no. 175).

State Street's Computation of Sanctions Award, dated May 16, 2007 ("Connolly Decl.").) State Street replied on May 18, 2007, and recalculated and reduced its fees and costs by $678.04, for a total of $42,526.09. (See doc. no. 228, Affidavit of John C. Re in Reply to Opposition Papers of Third-Party Plaintiffs and in Further Support of State Street's Computation of Sanctions Award, dated May 18, 2007 ("Re Reply Aff."), ¶ 1.) For the reasons set forth below, this court respectfully recommends that State Street be awarded $35,929.09 in attorneys' fees and $1575.38 in costs, for a total of $37,504.47.

## BACKGROUND

The procedural history of this action is described in Judge Johnson's Memorandum and Order, dated March 30, 2007, and will not be repeated, except as follows.

## DISCUSSION

A determination of the appropriate award for attorneys' fees rests soundly within the discretion of the district court. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In the Second Circuit, a party seeking attorney fees "must support that request with contemporaneous time records, that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" Cablevision Systems New York City Corp. v. Diaz, No. CV-07-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002) (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)). "The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged." Morin v. Nu-Way Plastering Inc., No. 03-CV-405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005)

(citing generally <u>Carey</u>, 711 F.2d 1136). "In determining the reasonableness of attorney's fees . . . courts have generally used the lodestar method, in combination with the twelve factors articulated in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1971)."[2] <u>Emerald Investments, LLC v. Porter Bridge Loan Co.</u>, No. 05-CV-1598, 2007 WL 1834507, at *5 (D. Conn. 2007).

In a recent decision, <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 484 F.3d 162, 169 (2d Cir. 2007), <u>amended</u>, 493 F.3d 110 (2d Cir. 2007),  the Second Circuit explained that the district court, in exercising its considerable discretion, should

> bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the <u>Johnson</u> factors; it should also bear in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from

---

[2] The twelve <u>Johnson</u> factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Emerald Investments, LLC v. Porter Bridge Loan Co.</u>, No. 05-CV-1598, 2007 WL 1834507, at *5 (D. Conn. 2007) (citing <u>Johnson</u>, 488 F.2d at 717-19).

being associated with the case. The district court should then use that hourly rate to calculate what can properly be termed the "presumptively reasonable fee."[3]

"After determining the amount of the presumptively reasonable fee, the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case." Emerald Investments, 2007 WL 1834507 at *5 (quoting Chan v. Sung Yue Tung Corp., No. 03-CV-6048, 2007 WL 1373118, at *1 (S.D.N.Y. May 8, 2007)).

Considering the circumstances of this case, State Street's attorneys' fees application arises in the context of the Rule 11 sanctions award by Judge Johnson. State Street correctly notes, "Judge Johnson did not rule that State Street be awarded . . . sanction[s] simply to deter [WJR] from engaging in similar conduct in the future. Rather, Judge Johnson . . . specifically directed that State Street be awarded the fees incurred in bringing its summary judgment and sanctions motions." (Re Reply Aff., ¶ 3.) Nonetheless, "after calculating

---

[3] In Arbor Hill, the Second Circuit further instructed the district court,

> in determining what a reasonable paying client would be willing to pay, [to] consider factors including, but not limited to, the complexity and difficulty of the case, the availab[ility] and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting pro bono (such that a client might be aware that the attorney expected low or nonexistent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation.

Arbor Hill, 484 F.3d at 169; see also Emerald Investments, 2007 WL 1834507, at *5 n.12.

reasonable attorney's fees and costs, the court must review its measure of sanctions in light of the purposes of Rule 11" of the Federal Rules of Civil Procedure. <u>Association of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Credianstalt AG</u>, No. 04-CV-3600, 2005 WL 3099592, at * 7 (S.D.N.Y. Nov. 17, 2005). "The primary purpose of Rule 11 sanctions is deterrence, thus the amount of attorney's fees awarded as a sanction is squarely within the district court's discretion." <u>Id.</u> (citing <u>Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.,</u> 28 F.3d 259, 266 (2d Cir.1994)). Therefore, "it is also within the court's discretion to . . . award a lesser amount that appropriately fulfills the deterrent function of Rule 11." <u>Id.</u> (citing <u>Eastway Constr. Corp. v. City of New York</u>, 821 F.2d 121, 122 (2d Cir. 1987), <u>cert</u> <u>denied</u>, 484 U.S. 918 (1987)).

After reviewing the parties' submissions, and for the reasons set forth below, this court respectfully recommends that counsel for State Street be awarded $37,504.47 in attorney's fees and costs. The court arrived at this calculation by applying the Second Circuit's factors in <u>Arbor Hill</u> to determine the reasonable hourly rates, considering the deterrent purposes of Rule 11, and applying the four major factors most often utilized in determining attorneys' fees awards: contemporaneity of time records, reasonableness of hourly rates, reasonableness of hours expended and reasonableness of costs. <u>See, e.g.,</u> <u>Morin</u>, 2005 WL 3470371, at *2 (addressing contemporaneous time records, reasonableness of hourly rates, reasonableness of time spent and costs); <u>Ueno v. Napolitano</u>, No. 04-CV-1873, 2007 WL 1395517, at *1 (E.D.N.Y. May 11, 2007) (focusing on reasonableness of hourly rates, reasonableness of hours billed and reasonableness of costs).

**A.      Contemporaneity of Time Records**

The court has reviewed the records submitted by the movant's counsel for legal services rendered in connection with the Motions and finds that the level of detail in the time records is sufficient to meet the requisite contemporaneity standard.  See Carey, 711 F.2d at 1147-48.  In addition to State Street's counsel's affidavit explaining the specific billing entries, for each entry, details are provided as to the attorney involved, the particular legal services performed, the rate charged and the time spent.  See, e.g., Ueno, 2007 WL 1395517 at *8 (finding records sufficient when each entry provided details regarding the attorney involved, the task performed, the rate charged and the time spent); Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 205-08 (E.D.N.Y. 2006) (finding 70 pages of billing records documenting over 2000 hours spent on a matter to be adequate); Cablevision, 2002 WL 31045855, at *5 (allowing legal fees for detailed billing and denying fees for flat rate billing).

**B.      Reasonableness of Hourly Rates**

Counsel for State Street, Mr. John C. Re, Esq., requests that he be compensated at a rate between $360 and $375 per hour,[4] and that his partner, Mr. Joseph Aronauer, Esq., be compensated at a rate of $400 per hour.  (See Re Aff., ¶ 16.)  State Street's counsel also requests compensation for an unnamed paralegal, at a rate of $125 per hour.  (See id., Exh. G.)

"To calculate an appropriate fee award, courts in the Second Circuit apply the 'presumptively reasonable fee' method (formerly the 'lodestar' method), multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  Warner Bros.

---

[4]Mr. Re's billing rate was $360 per hour in 2006 and $375 per hour in 2007.  (See Re Aff., ¶ 16.)

Entertainment Inc. v. Carsagno, No. 06-CV-2676, 2007 WL 1655666, at *7 (E.D.N.Y. June 4, 2007) (citing Arbor Hill, 484 F.3d at 163). "The reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill, 484 F.3d at 169. "[T]he burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The "relevant community" that a court should consider in determining the presumptively reasonable fee is the district in which the court sits. See Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (citation omitted). Although "a district court may use an out-of-district hourly rate . . . in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates," there is a presumption that a "reasonable paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally." Arbor Hill, 484 F.3d at 170.

Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $375 for partners, $200 to $250 for senior associates, and $100 to $150 for junior associates. See, e.g., Ueno, 2007 WL 1395517, at *1 ("Reasonable rates for associates range from $100 to $250."); Expeditors Intern. of Washington, Inc. v. Rubie's Costume Co., No. 03-CV-3333, 2007 WL 430096, at *2 (E.D.N.Y. Feb. 2, 2007) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $375 for partners at law firms."); Brady, 455 F. Supp. 2d at 208 (finding $225 per hour reasonable for senior associates); Aiello v. Town of Brookhaven, No. 94-CV-2622, 2005 WL 1397202, at *4 (E.D.N.Y. June 13, 2005) (finding prevailing rates to be $200-$300 for partners, $200-$250 for senior associates and $100-

$150 for junior associates).

Considering the factors enumerated in <u>Arbor Hill</u> and bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," the court determines that Mr. Re's hourly rates of $360 and $375 are reasonable. 484 F.3d at 169. The third party claims against State Street arose from a series of complex real estate transactions involving, <u>inter alia</u>, a foreclosed mortgage, a subordination and non-disturbance agreement, a commercial lease, a commercial financing agreement and foreclosure sale. Mr. Re graduated *cum laude* from Boston University School of Law, was admitted to practice in New York State in 1988, is a partner at a law firm that specializes in real estate litigation and deals on a regular basis with litigation concerning real estate and real estate finance issues (<u>see</u> Re Aff., ¶ 16; Re Reply Aff., ¶ 7). <u>See</u> <u>Emerald Investments</u>, 2007 WL 1834507 at *6 (finding $295 to $350 reasonable for an attorney who has practiced for sixteen years and specializes in commercial litigation). Although Mr. Re's hourly rates fall within the upper range of awards in this district, Mr. Re states that his clients have paid their bills and, accordingly, have explicitly demonstrated their willingness to pay and thus implicitly agreed that his fee is reasonable (<u>see</u> Re Reply Aff. ¶ 7). <u>See</u> <u>Emerald Investments</u>, 2007 WL 1834507 at *6; <u>Arbor Hill</u>, 484 F.3d 162. Considering all of these factors, the court finds that Mr. Re's hourly rates of $360 and $375 are reasonable.

As for Mr. Aronauer, the court notes that his rate of $400 per hour is in excess of the prevailing hourly rate in this district. <u>See</u> <u>Expeditors Intern.</u>, 2007 WL 430096 at *2 ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $375 for partners at law firms."). In addition, Mr. Aronauer mainly reviewed and revised many

of the submissions, and was not responsible for the more demanding and time-consuming legal services, such as researching, drafting motions, participating in discovery and litigation and appearing in court.  (See Re Aff., Exhs. B-G.)  Therefore, because Mr. Aronauer was not responsible for the more demanding and laborious tasks and Mr. Aronauer's $400 per hour rate falls outside the range of prevailing rates in the Eastern District, the court respectfully recommends that his rate be reduced to $375 per hour, in line with his partner's.  See Arbor Hill, 484 F.3d at 169 (instructing courts to consider factors including time and labor required, novelty and difficulty of the questions, and the level of skill required to perform the legal service properly); Stativsky v. Bd. of Elections in the City of New York, 198 F. Supp. 2d 271, 274 (E.D.N.Y. 2002) (reducing a fee request of $325 per hour to $250 per hour for partners when the recent range in the Eastern District was $200-$275 for partners); see also Doe v. Kaiser, No. 06-CV-1045, 2007 WL 2027824, at *10 (N.D.N.Y. July 9, 2007) (reducing counsel's rate from $300 to $250 based upon knowledge of billing rates customarily charged by attorneys practicing in the district and possessing the level of experience of the plaintiff's attorney).  The hourly rate of $375 takes into account Mr. Aronauer's legal experience, the demands of this litigation and his expenditure of time and resources, and represents "that which a reasonably prudent client would be willing to pay for services of the type rendered."  Kaiser, 2007 WL 2027824 at *10.

As to the hourly rates charged for the (unnamed) paralegal, the court finds insufficient justification in the record to award the full amount requested.  The paralegal's time was charged at a rate of $125 per hour.  (See Re Aff., Ex. G.)  Hourly rates for paralegals recently approved in this district range from $60 to $75 an hour.  See Garden City Boxing Club, Inc. v. Rojas, No. 05-CV-1047, 2006 WL 3388654, at *7 (E.D.N.Y. Nov. 21, 2006) (approving

$75 an hour); <u>C.B. ex rel. W.B. v. N.Y. City Dep't of Educ.</u>, No. 02-CV-4620, 2006 U.S. Dist.

LEXIS 68649, at *40 (E.D.N.Y. Sept. 25, 2006) (reducing paralegal's fees from $90 an hour to

$75 an hour); <u>Communication Express Nat'l, Inc. v. Rikhy</u>, No. 03-CV-4050, 2006 WL 385323,

at *6 (E.D.N.Y. Feb. 17, 2006) ("Rates for paralegals [approved in recent Eastern District cases]

range from $60-$75."). Therefore, in accordance with recent case law in this district, the court

respectfully recommends that the paralegal's rate be reduced to $75 per hour.

## C.    <u>Reasonableness of Hours Expended</u>

"After determining the reasonable hourly rates for each attorney, the [c]ourt must

examine the hours expended by counsel to determine their reasonableness . . . ." <u>Chan</u>, 2007 WL

1373118, at *5. In determining the number of hours "reasonably expended" by counsel, the

court must exclude hours that are "excessive, redundant, or otherwise unnecessary." <u>Hensley</u>,

461 U.S. at 434. The detailed billing records indicate that counsel expended 121.75 hours on the

Motions, with Mr. Re billing 115.75 hours, Mr. Aronauer billing 5 hours, and an unnamed

paralegal billing 1 hour. (<u>See</u> Re Aff., Exhs. B-G.) The records and Mr. Re's affidavit also

establish that counsel discounted time worked on the matter for both Mr. Re and Mr. Aronauer.

(<u>See</u> Re Aff., ¶¶ 8, 11.) The court finds that the hours expended by State Street's attorneys are

reasonable in light of the nature and substance of the Motions and the discounts applied.

### 1.    Recalculation of Mr. Aronauer's Fees and Mathematical Errors

In total, State Street's counsel requests a fee award of $42,526.09, a combination

of $40,412.76 in attorney's fees and $2,113.33 in "necessary disbursements." (<u>See</u> Re Aff., ¶15;

Re Reply Aff., ¶10) Applying the above reduction to Mr. Aronauer and the paralegal's hourly

rates, and recalculating the mathematical errors in Mr. Re's affidavit, the court finds that a

reduction in State Street's requested attorneys' fees is warranted. Therefore, the court, in its discretion, respectfully recommends that the fees be reduced as set forth below.

The court finds that the reduction of the paralegal's rate from $125 to $75 per hour, the reduction of Mr. Aronauer's rate from $400 to $375 per hour and mathematical errors in Mr. Re's affidavit justify a reduction in the award of attorneys' fees by $335.67, as follows. All of the court's calculations are based on the detailed time sheets in which Mr. Re redacted the hours and costs not associated with the Motions.

In April 2006, Mr. Re spent 31.05 hours on the Motions at a billing rate of $360 per hour, for a total of $11,178, and Mr. Aronauer billed .20 hours at $400 per hour, for a total of $80. (See Re Aff., Exh. B.) Because the court has reduced Mr. Aronauer's hourly rate from $400 per hour to $375 per hour, the court recalculates Mr. Aronauer's fees for April 2006 to total $75 (.20 hours x $375), which results in a reduction of $5 ($80 - $75) to the April 2006 invoice.

In May 2006, Mr. Re states that he spent 45.55 hours on the Motions at a billing rate of $360 per hour and Mr. Aronauer spent 3.4 hours at a billing rate of $400, for a total of $16,398 and $1360 in fees, respectively. (See Re Aff., ¶ 8.)[5] Mr. Re further states that his total time on the matter was discounted by 12.76% for the month, and discounting his time spent on the Motions by that percentage equals $14,305 in fees. (Id.) Similarly, Mr. Re states that Mr. Aronauer's total time on the matter was discounted by 50% for the month, and discounting his time spent on the Motions by that percentage equals $680 in fees. (Id.) Applying the lower

_____

[5] Although the detailed billing record indicates that Mr. Re spent 45.85 hours on the Motions rather than 45.55 hours, the resulting calculations are nonetheless accurate because they are based on the correct total time of 45.85 hours. (See Re Aff., Exh. C.)

hourly rate of $375 to Mr. Aronauer's fees, the court recalculates Mr. Aronauer's fees for May 2006 to total $637.50 (($375 x .9 hours) x 50%), which results in a reduction of $42.50 ($680 - $637.50) to the May 2006 fees.

In June 2006, Mr. Re spent 24.65 hours on the Motions at a billing rate of $360 per hour, for a total of $8,874, and Mr. Aronauer spent .50 hours at a billing rate of $400, for a total of $200.  (See id.)  Applying the lower hourly rate of $375 to Mr. Aronauer's fees, the court recalculates Mr. Aronauer's fees for June 2006 to total $187.50 (.50 hours x $375), which results in a reduction of $12.50 ($200 - $187.50) to the June 2006 invoice.

In July and August 2006, no attorneys' fees were incurred in connection with the Motions.  (See id., Exh. E.)

In September 2006, Mr. Re spent 7.25 hours on the Motions at a billing rate of $360 per hour, for a total of $2,610, and Mr. Aronauer spent .9 hours at a billing rate of $400, for a total of $360.  (See id., ¶ 11 and Exh. F.)  Mr. Re states that his total time on the matter was discounted by 6.98% for the month, and discounting his time spent on the Motions by that percentage equals $2,427.82 in fees.  Similarly, Mr. Re states that Mr. Aronauer's total time on the matter was discounted by 13.66% for the month, applying that percentage to his time spent on the Motions equals $310.82 in fees.  (Id., ¶ 11 and Exh. F.)  Applying the lower hourly rate of $375 to Mr. Aronauer's fees, the court recalculates Mr. Aronauer's fees for September 2006 to $291.40 (($375 x .9 hours) x 13.66%), which results in a reduction of $19.42 ($310.82-291.40) to the September 2006 invoice.

For April 1, 2007 to May 9, 2007, Mr. Re requests fees in the amount of $2,900 for himself.  (Id., ¶ 14 and Exh. G.)  He reached this calculation by multiplying 7.25 hours spent

on the Motions at a rate of $400 per hour. (Id.) However, just two paragraphs below this calculation, Mr. Re averred that his time was billed at the rate of $360 per hour in 2006 and $375 per hour in 2007. (Id., ¶ 16.) Therefore, since this work occurred in 2007, the court calculates the rate for Mr. Re at $375 per hour, thus totaling $2,718.75 in fees from April 1 to May 9, 2007 (7.25 hours x $375), a reduction of $181.25 to the last invoice.

Accordingly, the court finds that the above recalculations reduce State Street's requested attorneys' fees by $260.67. Including the $75 reduction to the paralegal's fee, the court respectfully recommends that State Street's requested attorneys' fees be reduced by $335.67 ($260.67 + $75).

**2.  Nature and Substance of the Motions**

State Street's counsel's billing records indicate that counsel expended 121.75 hours on the Motions. (See Re Aff., ¶¶ 7-15.) WJR's counsel, Mr. Robert Connolly, Esq., argues that the amount requested is excessive considering the nature and substance of the Motions because there "were no novel issues of law presented or argued by the Aronauer firm." (See Connolly Decl., ¶ 10.)

The court first notes that the memoranda and affidavits in support of the Motions are well-written, thorough and present strong arguments - so much so, in fact, that Judge Johnson granted both State Street's motion for summary judgment and, in large part, its motion for sanctions. (See 3/30/07 M&O.) Further, throughout these proceedings, WJR's counsel has aggressively opposed State Street's counsels' motions. (See doc. no.153, Declaration of Robert Connolly, Esq., In Opposition to State Street's Motion for Summary Judgment, dated June 23, 2006; doc. no. 154, Declaration of Robert Connolly, Esq., In Opposition to State Street's Motion

-14-

for Sanctions, dated June 23, 2006.)  Given that a substantial portion of State Street counsels'

working hours are a direct function of "the forcefulness and chosen strategies of [Mr. Connolly],

this court does not share [WJR's] general dismay about the size of [State Street's] application for

fees and costs."  Gonzalez v. Bratton, 147 F. Supp. 2d 180, 211 (S.D.N.Y. 2001) ("At every

stage in the proceeding, the . . . defendants' lawyers, as was their right and professional duty,

aggressively challenged [plaintiff's] claims.  In doing so, they displayed a fierceness matched in

its intensity only by the double shock they now profess at the number of hours [plaintiff's]

attorneys assert they devoted to this case.").

On the other hand, State Street's two memoranda of law consist largely of

boilerplate cases citing the standards for summary judgment and sanctions.  (See doc. no.133,

Attachment 27, Memorandum of Law in Support of Third-Party Defendant State Street Bank and

Trust Company's Motion for Summary Judgment, dated May 19, 2006, at 2; doc. no. 145,

Attachment 30, Memorandum of Law in Support of Third-Party Defendant State Street Bank and

Trust Company's Motion for Sanctions, dated May 19, 2006, at 2-4.)  As Mr. Connolly aptly

contends, the memoranda both mainly recite the factual allegations as set forth in the

accompanying affidavits.  (See Connolly Decl., ¶ 11.)  In addition, the Motions did not involve

complex or novel issues of law, but rather, simply addressed a relatively complex factual record

in a breach of contract claim.

Keeping in mind that "district courts have broad discretion to determine the

reasonableness of hours claimed based on their general experience and 'familiarity with the

case,'" Brady, 455 F. Supp. 2d at 216-17 (citing In re Agent Orange Product Liability

Litigation, 818 F.2d 226, 237-38 (2d Cir. 1987)), and that "it is also within the court's discretion

to . . . award a lesser amount that appropriately fulfills the deterrent function of Rule 11," Association of Holocaust Victims, 2005 WL 3099592, at * 7, the court respectfully recommends that State Street's counsel's hours be reduced by 11 hours, which translates to an additional $4,125 reduction in attorneys' fees (11 hours x $375 per hour).[6]  See also Carey, 711 F.2d 1136.

### 3.    Assembling Motion Papers and Exhibits

Mr. Connolly argues that a charge of $828 for Mr. Re's time to assemble motion papers and exhibits, totaling 2.3 hours, entered on May 19, 2006 was unnecessary and/or excessive, and that "such administrative work should have been performed by a less expensive paralegal or junior attorney."  (Connolly Decl., ¶ 4.)  In reply, Mr. Re states that, "in order to avoid a dispute, State Street is willing to lower the rate for the 2.3 hours to our then paralegal rate of $85 an hour," resulting in a reduction of $632.50 to the amount requested.  (See Re Reply Aff., ¶ 8(b).)  Because an attorney with Mr. Re's experience was not required to assemble, copy, and collate motion papers, the court supports Mr. Re's reduction of his $360 attorney fee to a paralegal fee, which, in line with the its earlier determination, the court recommends be set at $75 an hour.  See General Motors Corp. v. Villa Marin Chevrolet, Inc., 240 F. Supp. 2d 182 (E.D.N.Y. 2002).  This results in a further $23 deduction in attorneys' fees ((2.3 hours x $85 per hour) - (2.3 hours x $75 per hour)).

### 4.    Computing the Amount of the Sanctions Award

Mr. Re requests that State Street be awarded $2,843.75 for 8.25 hours he spent in calculating the requested attorneys' fees and costs.  (See Re Aff., ¶ 14 and Exh. G.)  WJR's

---

[6]  The court has used Mr. Re's 2007 fee of $375 per hour, and Mr. Aronauer's reduced fee of $375 per hour, for this calculation.

counsel argues that "any work expended regarding the ministerial act of computing the amount for the sanctions award should be excluded." (Connolly Decl., ¶ 8.) However, Judge Johnson held that State Street is entitled to recover the fees incurred in "bringing the motion[s]," 3/30/07 M&O at 15, and the time spent calculating those fees is a "necessary part" of State Street's recovery of fees and costs. Donovan v. CSEA Local Union 1000, Am. Fed'n of State, County and Municipal Employees, 784 F.2d 98, 106 (2d Cir. 1986) ("The fee application is a necessary part of the award of attorney's fees. If the original award is warranted, we think that a reasonable amount should be granted for time spend in applying the award."); see also Bridges v. Eastman Kodak Co., No. 91 Civ. 7985, 1996 WL 47304, *10 (S.D.N.Y. Feb. 6, 1996) aff'd, 102 F.3d 156 (2d Cir. 1996); Hurley v. Coombe, No. 77 Civ. 3847, 1996 WL 46889, *3 (S.D.N.Y. Feb. 6, 1996). Furthermore, considering that Mr. Re redacted and reduced and recalculated six months of his firm's fees and costs, the court finds that the requested 8.25 hours spent computing fees is reasonable, and respectfully recommends that such an amount be included in the sanctions award. See Hensley, 461 U.S. at 437 ("A determination of the appropriate award for attorneys' fees rests soundly within the discretion of the district court.").

### 5. Filing the Supplemental Affidavit

WJR's counsel also disputes including fees and disbursements relating to a Supplemental Affidavit, which State Street filed "nearly three months after State Street's motion for summary judgment and sanctions was fully submitted." (Connolly Decl., ¶ 7.) WJR's counsel also asserts that the affidavit was filed without first obtaining leave of the court. (See id.) WJR's argument, however,

succeeds only if we were to engage in an ex post facto determination

-17-

> of whether attorney hours were necessary to the relief obtained. The relevant issue, however, is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.

Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citing Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990)). State Street submitted the affidavit, annexing the deposition of Mark Noto, after the Motions were submitted, because Noto's deposition was taken after the initial submission, so the information contained in the Supplemental Affidavit was unavailable at the time the Motions were briefed. (See Re Reply Aff., Ex. D.) Moreover, WJR "never opposed State Street's application to submit the Supplemental Affidavit. . . ." (Re Reply Aff., ¶ 8(e).) Regardless of the timeliness of the Supplemental Affidavit, this court is satisfied that "a reasonable attorney would have engaged in similar time expenditures," and respectfully recommends that Mr. Re's fees and disbursements charged for preparing and filing the supplemental affidavit be included in the fee award. Grant, 973 F.2d at 99.

Based on the foregoing analysis, the court finds that a fee of $375 per hour for Messrs. Re and Aronauer is presumptively reasonable. Accordingly, the court respectfully recommends that State Street be awarded $35,929.09 (original request of $40,412.76 - ($335.67 + $23 + $4125)) in attorneys' fees.

**D.     Reasonableness of Costs**

State Street also seeks to recover disbursements for costs, including costs for facsimiles, long distance phone calls, photocopying, and shipping. (See Re Aff., ¶¶ 7-11) "The Second Circuit has held that reasonable identifiable out-of-pocket disbursements, which are

ordinarily charged to clients, are recoverable." Murray ex rel. Murray v. Mills, 354 F. Supp. 2d

231, 241 (E.D.N.Y. 2005) (citing United States Football League v. National Football League,

887 F.2d 408, 416 (2d Cir. 1989)); Kuzma v. Internal Revenue Service, 821 F.2d 930, 933-34

(2d Cir. 1987) (providing a non-exclusive list of recoverable costs including photocopying,

travel and telephone costs)). Indeed, "[r]easonable out-of-pocket expenses are generally

reimbursed as a matter of right in connection with an award of attorneys' fees." Brady, 455 F.

Supp. 2d at 216. Costs should be reimbursed at a rate no higher than would be charged by a

commercial vendor. See KingVision Pay-Per-View Corp. v. Tardes Calenas Moscoro, Inc., No.

01-CV-9775, 2004 WL 473306, at *5 (S.D.N.Y. Mar. 12, 2004) (citing Haroco, Inc. v. American

National Bank & Trust Co. of Chicago, 38 F.3d 1429, 1441 (7th Cir. 1994)).

State Street originally requested a total of $2,132.87 in costs, which consists of

$472 for facsimiles, $122.78 for long-distance phone calls, $1,095.90 for in-house copying,

$4.75 for document scanning, $208 for Federal Express, $6.00 for Velobind and $223.44 for an

outside copy service. (See Re Aff., Exhs. B-G.) In his Reply Affidavit, Mr. Re agrees to a

voluntary reduction of $9.54 for including a Federal Express charge for six copies instead of the

actual five that were sent, reducing the request for costs to $2,123.33.[7] (See Re Reply Aff., ¶

8(d).)

Regarding photocopying, the court is satisfied that the large volume of copies was

reasonable considering the number of exhibits and papers submitted to the court. (See doc. nos.

---

[7] Mr. Re calculates the costs in June 2006 to total $46. (Re Aff., ¶ 9 and Exh. D.)
However, the redacted time sheets indicate that $16 was disbursed for Federal Express and $40
was disbursed for Facsimiles, which totals $56, an increase of $10 to the June 2006 invoice. (Id.,
Ex. D.) The court has included the increased amount of $56 in the requested costs of $2,123.33.
.

133 and 145.)  However, Mr. Re's firm charges twenty cents per page to photocopy, (see Re Reply Aff. ¶ 8(a)), and the court finds that ten cents per page is more consistent with a reasonable commercial rate.  See KingVision, 2004 WL 473306, at *5 (reducing the rate of in-house photocopying from seventy five cents to ten cents per page and noting that "counsel may not build a profit into costs incurred in-house when they seek to shift those costs to an adversary"); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, No. 03-CV-00502, 2005 WL 670307, at *14 (N.D.N.Y. Mar. 22, 2005) (noting that photocopying at a rate of ten cents per page is reasonable), rev'd in part on other grounds, 493 F.3d 110 (2d Cir. 2007).  Therefore, the court recommends that the amount awarded for in-house photocopies be reduced to $547.95 (($1,095.90/20) x 10).  As to all the other costs, the court finds that they are reasonable, and because costs are "generally reimbursed as a matter of right," the court respectfully recommends that the amount awarded for disbursements be $1,575.38.

## **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that State Street be awarded a total of $37,504.47 in attorneys' fees and costs, consisting of $35,929.09 in attorneys' fees and $1,575.38 in costs. Any objections to this Report and Recommendation must be filed with United States Senior District Judge Sterling Johnson within ten days of the date of its entry. Failure to object within ten days of the date of entry will preclude appellate review by the District Court. See 28 U.S.C. §636(b)(1); Local Civil Rule 6.3; Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989). Any requests for extensions of time to file objections should be made to Judge Johnson.

**SO ORDERED.**

Dated: September 4, 2007
      Brooklyn, New York

                                  _____/s/_____
                                  **Kiyo A. Matsumoto**
                                  United States Magistrate Judge
                                  Eastern District of New York