UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
STAPLES, INC.,

                    Plaintiff,                     04 CV 904 (SJ) (KAM)

      - against-                             **MEMORANDUM**
                                                            **AND ORDER**

W.J.R. ASSOCIATES, CARMINE
EVANGELISTA, ROBERT H. KANE,
PATRICIA A. REINHARDT as Executrix
of the Estate of William J. Reinhardt,
JAMES SLUYK and TIMOTHY D. KING,

                    Defendants.
------------------------------------------------------X

W.J.R. ASSOCIATES and PATRICIA A.
REINHARDT as Executrix of the Estate of
William J. Reinhardt,

                    Third-Party Plaintiffs,

      - against-

REALTY EQUITY HOLDINGS 3820, LLC,
NORSTRAND REALTY HOLDINGS,
LLC, TIM ZISS, individually and in his
capacity as Managing Member of Realty
Equity Holdings 3820, LLC, MASSEY
KNAKAL REALTY SERVICES, INC., and
STATE STREET BANK & TRUST
COMPANY,

                    Third-Party Defendants.
------------------------------------------------------X

APPEARANCES:

CERTILMAN, BALIN, ADLER & HYMAN, LLP
90 Merrick Avenue
East Meadow, NY 11554
By:     Robert Connolly, Esq.
Attorney for Third-Party Plaintiff

ARONAUER, GOLDFARB, RE & YUDELL, LLP
444 Madison Avenue, 17th Floor
New York, NY 10022
By:     John C. Re, Esq.
Attorneys for Third-Party Defendant

JOHNSON, Senior District Judge:

Presently before the Court is a motion by Third-Party Plaintiff W.J.R.

Associates ("WJR") to reconsider (the "Motion to Reconsider") a Memorandum

and Order, dated March 30, 2007, (the "Court's Order") in which this Court

granted Third-Party Defendant State Street Bank & Trust Company's ("State

Street") Motion for Summary Judgment.

## **BACKGROUND**

The factual background and procedural history of this case are detailed in

the Court's Order and, therefore, shall not be repeated here.  See Staples, Inc. v.

W.J.R. Associates, No. 04 Civ. 904, 2007 WL 1039523, at *1 (E.D.N.Y. March 30,

2007).  The facts relevant to the instant motion are provided below.

On March 30, 2007, this Court granted State Street's Motion for Summary

Judgment on the grounds that WJR lacked the evidence necessary to substantiate its

claims that State Street had breached its contractual duties and tortiously interfered with WJR's contract with Staples, Inc. Id. WJR now moves this Court to reconsider its Order because, it contends, the Court overlooked factual matters which, had they been considered, might reasonably have altered the result. Specifically, WJR offers six facts that it believes the Court overlooked: (1) State Street's $200,000 windfall in selling to a third party instead of WJR; (2) State Street's and WJR's history of entering into forbearance agreements; (3) the effect of Noto's affidavit; (4) the effect of Dinan's statement and failure to communicate; (5) William J. Reinhardt's ability to pay and close without King's cooperation; (6) State Street's failure to strictly enforce the deadline.[1] For the following reasons, WJR's Motion to Reconsider is denied.

---

[1] Defendant Timothy King has also requested to be heard in connection with this motion to reconsider. See No. 04 Civ. 904 (SJ)(KAM), Doc. 234. Defendant King contends that the Court's Order included findings of fact as to his liability that are unfavorable to him. To clarify, the Court's Order was based only on the record developed by State Street and WJR. To that end, the Court's Order did not propose to assign blame or liability in this matter to any particular defendant. Rather, State Street's Motion for Summary Judgment was granted because WJR, by its own exhibits, failed to establish any evidence to support its claims against State Street. Should WJR or Defendant King move for summary judgment in the future, the parties involved in that motion will create a separate and distinct record which the Court will consider anew. Accordingly, no portion of the Court's Order should be taken as having precedential value except to the extent that those conclusions are supported by the record generated during the pendency of a subsequent motion.

## **STANDARDS**

Pursuant to Local Rule 6.3, a party may request reconsideration if counsel believes that there are "matters or controlling decisions" that the Court overlooked. Local Rule 6.3; see also Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir.2002). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." In re Worldcom, Inc. Sec. Litig., 308 F. Supp. 2d 214, 224 (S.D.N.Y.2004); see also In Re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir.2003).

The standard for a motion to reconsider is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y.2001); see also Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir.1995) (stating that reconsideration "should not be granted where the moving party seeks solely to re-litigate an issue already decided"); In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y.1996) (stating that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In addition, "in its motion for re-argument, [a party] may not advance new facts, issues or arguments not previously presented to the court." O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist., 127 F. Supp. 2d 342,

345 (E.D.N.Y.2001).

## DISCUSSION

WJR has presented several reasons why it believes that this Court should reconsider its Order. None of these reasons establish a basis for this Court to disturb its prior ruling.

### A. State Street's Gain

WJR contends that State Street's Motion for Summary Judgment should not have been granted because State Street received a $200,000 windfall by selling the loan documents to a third party, Realty Equity. After reviewing WJR's Memorandum in Opposition to State Street's Motion for Summary Judgment, the Court is unable to find any point at which WJR argued that State Street's windfall was evidence of State Street's liability for breach of contract and tortious interference. Such a contention is therefore inappropriate to consider in a motion to reconsider. See O'Brien, 127 F. Supp. 2d at 345.

Even were the Court to consider this argument now, however, it would still find that WJR had failed to establish a material fact at issue which would affect the Court's ruling. Although this fact arguably establishes a motive for State Street to act in bad faith, it is axiomatic that motive alone is insufficient to prove a conspiracy. See, e.g., Roniger v. McCall, 22 F. Supp. 2d 156, 169 (S.D.N.Y.1998) (finding that in order to prevail plaintiff would have to prove some set of facts that

supported the notion that defendant had a personal or economic motive to conspire against plaintiff).

All the evidence in the record indicates that State Street afforded WJR every opportunity to purchase the loan documents at the lower price. Although WJR urges the Court to view with suspicion the short period of time between WJR's failure to finance the purchase of the loan documents and the subsequent sale of those documents, it is consistent with the forbearance agreement between the two parties that State Street negotiated a backup option while affording WJR any and all opportunities to purchase the loan documents. As such, WJR's claims are merely speculation and conjecture, and no reasonable juror would find State Street's windfall to be evidence of a breach of contract or tortious interference with a contract. Moreover, the undisputed record shows that WJR was in possession of the wiring info necessary to tender payment whether State Street wanted to accept payment or not.

## B. State Street's Prior Dealings with WJR

WJR argues that the Court overlooked the fact that State Street did not decide to terminate its long history of entering into forbearance agreements with WJR until a third party made an offer to purchase the loan documents. The Court first notes that this argument is improperly included in WJR's motion to reconsider because it was not raised in WJR's opposition papers to the initial motion.

Even were the Court to consider this contention, the Court would remain unmoved. WJR's argument presupposes that State Street bore some obligation to continue the forbearance agreement, but WJR can cite no evidence that supports this view. Nor does WJR cite any legal principle or case that supports the proposition that State Street had an obligation to continue the forbearance relationship. State Street cannot be faulted for accepting a legitimate offer when confronted with a contractual partner in financial crisis. As such, even if this argument were properly placed in a motion for reconsideration, it would be unpersuasive.

**C. The Effect of Noto's Affidavit**

WJR also argues that Noto's affidavit established an issue of material fact which warranted denial of the summary judgment motion. Because the Court's Order extensively addressed this issue, this argument is inappropriate for a motion for reconsideration. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir.1995) (stating that reconsideration "should not be granted where the moving party seeks solely to re-litigate an issue already decided.").[2]

---

[2] The Court notes that the preferred practice in this District is to complete discovery prior to the filing of a motion for summary judgment, but in this case the parties continued discovery after the motion for summary judgment was filed. Although the discovery conducted after the filing of the Motion for Summary Judgment has not been considered by the Court in deciding the instant motion, the Court notes that any ambiguity in Noto's affidavit was resolved in the deposition:

        Q.      In any of your subsequent conversations with William

### D. The Effect of Dinan's Statement and Failure to Communicate

WJR also attempts to relitigate the issue of Dinan's statement to Noto and Dinan's failure to return Noto's calls. Because the Court's Order addressed this issue, this argument is inappropriate for a motion for reconsideration. See Shrader, 70 F.3d at 257.[3]

### E. Reinhardt's Ability to Pay and/or Close Without King

WJR claims that summary judgment should not have been granted because Banco Popular was willing to loan Reinhardt the money necessary to purchase the loan documents. There is nothing in the record to support this claim. Even if this were true, however, WJR would still fail to establish a breach of contract. WJR's ability to purchase the loan documents was irrelevant to the Court's Order. Rather,

---

Reinhardt, Sr., the following Monday, June 2, 2003, did you have any discussions in which Tim King's name came up?

A. Yes.

Q. Tell us in sum and substance of those conversations as they related to Tim King.

A. Basically, the conversations revolved around the fact how, due to Tim King's involvement or lack thereof, the closing did not take place.

(Noto Dep. at 106:5-14). Therefore, even were the Court to reconsider this issue, Noto's deposition eliminates any doubt as to who he believed was culpable for WJR's failure to deliver payment before the June 2, 2003, deadline.

[3] Even were the Court to reevaluate this issue, discovery conducted subsequent to the filing of the Motion for Summary Judgment demonstrates that no reasonable juror could conclude that Dinan was responsible for WJR's non-tender. (Noto Dep. at 106:5-14).

the Court's Order was premised on the fact that payment was not made and that State Street was free to sell the loan documents to whomever it chose once the forbearance agreements lapsed. Accordingly, Reinhardt's vast personal wealth is irrelevant to this case.

**F. State Street's Failure to Strictly Enforce the Deadline**

WJR claims that State Street's extension of the deadline to obtain the financing necessary to purchase the loan documents from May 30, 2002, to June 2, 2002, was merely a ruse to mask its true intention, which was to refuse payment. WJR, however, offers no evidence to support this claim. Moreover, this argument presupposes that State Street had some control over whether WJR tendered payment, which, as stated above, it did not. Because this contention is pure speculation unsupported by the record, it has no impact on the Court's Order.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Reconsider is hereby DENIED in its entirety.


SO ORDERED.

Dated: September 7, 2007                    _____/s/_____
       Brooklyn, New York                              Senior U.S.D.J.